PER CURIAM.
Petitioner, James E. Taylor seeks a writ of certiorari to reverse an order of the circuit court, sitting in its appellate capacity. The order determined that the Pinellas county court erred in granting Taylor’s motion to suppress evidence of his refusal to submit to pre-arrest field sobriety tests. We grant the petition for writ of certiorari and quash the decision of the circuit court.
A St. Petersburg police officer observed Taylor traveling at a high rate of speed. The officer approached Taylor’s automobile when he stopped to drop off his passenger. Taylor produced his driver’s license and registration, and complied with the officer’s request that he exit the car. The officer noted a strong odor of alcohol about Taylor and that he had slurred speech and bloodshot eyes. Before the officer posed any questions, Taylor asked the officer if he would be requested to do any field sobriety tests. When the officer responded that he would be, Taylor stated that he had been told by his attorney not to perform any field sobriety tests.
Upon Taylor’s refusal to take the tests, the officer explained the purpose of the tests and Taylor again refused. The officer then indicated “that by his refusal [the officer] would have to take up what [he] had seen to that point in making a decision as far as to whether or not [Taylor] was impaired.” No other warning concerning possible adverse consequences was given to Taylor before he was placed under arrest.
*912 At the hearing on Taylor’s motion to suppress, the officer indicated that he did not inform Taylor that his refusal to take the tests would be admitted into evidence at trial.
The county court granted the motion to suppress, relying upon the case of Herring v. State, 501 So.2d 19 (Fla. 3d DCA 1986). The Herring court held a suspect’s refusal to submit to a compulsory test inadmissible where the suspect had not been advised that he was required by law to take the test or that his refusal to do so could be used against him.
The circuit court granted the state’s petition for writ of certiorari based upon the substantive decision in State v. McDonald, No. 92-9227 CFANO (Fla. 6th Cir.Ct. Feb. 18, 1993), which held that a defendant’s refusal to submit to pre-arrest field sobriety tests is admissible in evidence. We hold that this ruling is erroneous because we conclude that pre-arrest field sobriety tests are not compulsory and that an individual’s refusal to submit to these tests is not necessarily relevant evidence of consciousness of guilt.
The implied consent law set forth in section 316.1932, Florida Statutes (Supp.1992)[1] governing tests for alcohol, chemical substances, or controlled substances does not require an operator of a motor vehicle within Florida to submit to pre-arrest field sobriety tests and does not provide that refusal to take these tests is admissible in evidence.
Pre-arrest field sobriety tests are merely law enforcement tools to confirm an officer’s determination that an individual is intoxicated. Until an officer has probable cause to believe a driver is intoxicated, he has no right to request that the tests be performed. See Jones v. State, 459 So.2d 1068, 1080 (Fla. 2d DCA 1984), aff'd, 483 So.2d 433 (Fla.1986). These tests are not compulsory.
This issue has not been addressed by the Florida Supreme Court nor by district courts in this state. Circuit courts have reached conflicting conclusions regarding the admissibility of evidence of an individual’s refusal to submit to pre-arrest field sobriety tests. We agree with those several circuit courts that have upheld the suppression of such evidence.[2]
As noted in Herring, it would be unfair to admit an individual’s refusal to submit to a test as circumstantial evidence of his consciousness of guilt where he was not advised of the consequences attaching to his refusal. Herring was charged with first degree murder and refused the request to submit to a hand swab test for gunshot residue. Herring was not told that he was required by law to take the test or that his refusal could be used against him in some way. Testimony concerning the refusal was admitted at trial over objection.
In reversing the judgment, the Third District reasoned that an individual who has not been advised of the consequences of his refusal may quite plausibly refuse merely to *913 disengage himself from further interaction with police or he simply may have decided not to volunteer to do anything he is not compelled to do. Herring, 501 So.2d at 20. The court indicated that the compulsory nature of the test is relevant only when the defendant is aware of its compulsory nature. If the police led the defendant to believe he had a right to refuse to take the test, the admission of evidence concerning his refusal would be unfair. Id., at 20-21.
Similarly, this court, agreeing with other jurisdictions that have considered this issue, has stated that in the ease of noncompulsory tests, it would be unfair to hold an individual’s refusal against him if he. had a choice not to submit. See State v. Esperti, 220 So.2d 416, 419 (Fla. 2d DCA), cert. dismissed, 225 So.2d 910 (Fla.1969). Under such circumstances, the individual’s refusal may have been occasioned by nothing more than his desire to exercise his choice not to submit; as such, evidence of the refusal would not be probative of a consciousness of guilt. See id., at 418.
We hold that the circuit court departed from the essential requirements of law in granting the petition for writ of certiorari. We grant Taylor’s petition, quash the circuit court’s order, and remand for further proceedings.
Because our decision will have a significant impact upon the prosecution of DUI cases in this state, we certify the following question as a matter of great public importance:
IS A DUI SUSPECT’S REFUSAL TO SUBMIT TO PRE-ARREST FIELD SOBRIETY TESTS ADMISSIBLE IN EVIDENCE?
Petition for writ of certiorari granted.
RYDER, A.C.J., and DANAHY and THREADGILL, JJ., concur.

. Breath, blood and urine tests for alcohol, chemical substances, or controlled substances; implied consent; right to refuse.—
(l)(a) Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state shall, by so operating such vehicle, be deemed to have given his consent to submit to an approved chemical test or physical test including but not limited to an infrared light test of his breath for the purpose of determining the alcoholic content of his blood or breath, ... if he is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages, chemical substances, or controlled substances. The chemical or physical breath test shall be incidental to a lawful arrest .... Such person shall be told that his failure to submit to any lawful test of his breath or urine, or both, will result in the suspension of his privilege to operate a motor vehicle for a period of 1 year.... The refusal to submit to a chemical or physical breath test or to a urine test upon tlte request of a law enforcement officer as provided in this section shall be admissible into evidence in any criminal proceeding. (Emphasis added.)

. State v. Salg, No. CRC87-0-7766 (Fla. 6th Cir. Ct. Jan. 20, 1988); State v. Sassman, Nos. T091-65942 and T091-66073 (Fla. 9th Cir.Ct. March 26, 1992); State v. Foster, No. 91-3465-CF-A/M (Fla. 18th Cir.Ct. September 10, 1991); Andrik v. State, No. 88-13111 (Fla. 13th Cir.Ct. Jan. 17, 1991); State v. Cohn, 33 Fla.Supp.2d 160 (Fla. 18th Cir.Ct.1988). See also State v. Fry, No. CTC86-59780/81NMASP-F (Fla.Pinellas Cty.Ct. Sept. 27, 1987), a well reasoned county court opinion.